AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
| v. | ) |
|  | ) Case No. 26·MJ·137 |
|  | ) |
| TORRES-Jimenez, Zeferino | ) |
|  | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 11, 2026__ in the county of __Dona Ana__ in the State and District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 8 USC 1326(a)(1)(b)(1) | an alien, who had been previously arrested and deported from the United States, subsequent to being convicted of a felony, to wit: Illegal Re-Entry, and who had not received the consent of the appropriate authority of the United States to reapply for admission into the United States, was found in... |
| ~~Count 2: 50 USC 797~~ | ~~50 USC 797 Penalty for Violation of Security Regulations and Orders~~ |
| ~~Count 3: 18 USC 1382~~ | ~~18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law~~ |

no PC

This criminal complaint is based on these facts:

On January 11, 2026, a United States Border Patrol Agent encountered the Defendant in Dona Ana County, New Mexico. When questioned as to his citizenship the Defendant admitted to being a citizen of Mexico without authorization to enter or remain in the United States. Record checks revealed that the Defendant had been previously deported to Mexico via El Paso, TX on or about January 7, 2026.

☑ Continued on the attached sheet.

_Complainant's signature_

Stephen Salcido, Agent
_Printed name and title_

Electronically submitted and telephonically sworn to before me:

Date: 01/14/2026   /3

DAMIAN L. MARTINEZ
U.S. MAGISTRATE JUDGE
_Judge's signature_

City and state: Las Cruces, New Mexico

_Printed name and title_

U.S. v. TORRES-Jimenez, Zeferino

**Criminal Complaint**

There is not evidence that the Defendant received permission from the appropriate Authority to reapply for admission into the United States.

COUNT 1: On January 11, 2026, U.S. Border Patrol agents arrested Defendant north from the international border with Mexico three miles west of the Santa Teresa POE. When questioned about his citizenship, Defendant stated that he was a citizen of Mexico, illegally in the United States. Defendant also admitted to entering the United States on January 11, 2026, at a place not designated as a lawful port of entry.

COUNT 2: Title 50 United States Code 797 prohibits the willful violation of any defense property security regulation. Section 797 defines a "defense property security regulation" as a property security regulation that pursuant to lawful authority--

> (a)(2)(A) shall be or has been promulgated or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property"

\* \* \*

> (a)(3)(A) relating to . . .the ingress thereto or egress or removal of persons therefrom.

The term "Department of Defense property" means property subject to the administration or in the custody of the Department of Defense. On April 15, 2025, the Department of Interior transferred Federal lands including the approximately 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Doña Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. *See* Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas (hereinafter "NDA"). U.S. Army General Order No. 2025-10. On April 18, 2025, the military commander at Fort Huachuca issued a security regulation designating the NM National Defense Areas as both a restricted area and a controlled area under Army Regulation 190-13 prohibiting the unauthorized entry into the National Defense Areas.

On December 27, 2025, when illegally entering the United States from Mexico in El Paso County, Texas, Defendant willfully violated the security regulation prohibiting unauthorized entry of property subject to the administration or in the custody of Fort Huachuca by Defendant's unauthorized entry into the NDA. As of May 29, 2025, more than 1,551 red and white warning signs have been installed along the edge of the NDA, facing south towards Mexico. These approximately 12 inch by 18 inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry. Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, Defendant crossed through the NDA and was apprehended north of a posted sign.

On December 27, 2025, U.S. Border Patrol provided Defendant with a written notice in Spanish that any unauthorized entry into this restricted area was prohibited and subject to federal prosecution. On January 11, 2026, Defendant subsequently was apprehended by U.S. Border Patrol after entering the restricted area.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 50 U.S.C. § 797 by willfully violating a security regulation or order prohibiting unauthorized entry onto the NM National Defense Areas.

COUNT 3: On April 15, 2025, the Department of Interior transferred Federal lands including the 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Doña Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. *See* Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas. U.S. Army General Order No. 2025-10. On April 18, 2025, the military commander at Fort Huachuca designated the above-described area (hereinafter NM National Defense Areas) as a Controlled Area as defined in Army Regulation 190-13. In chapter 6, AR 190-13 provides: "Army installations ... are restricted areas. At a minimum, the type of restriction is the controlled level." AR 190-13 also defines "controlled area" as a "type of restricted area in which access to the general public is denied, unless certain entry controls are met," and "restricted area" as an "area defined by an established boundary to prevent admission, unless certain conditions or controls are met, to safeguard the personnel, property, or material within."

On January 11, 2026, when Defendant was apprehended by U.S. Border Patrol, Defendant did not have authorized access from the U.S. Army to enter the national Defense Areas. Based on the location of Defendant's apprehension by U.S. Border Patrol, the Defendant illegally crossed the international border with Mexico into the United States through the National Defense Areas.

As of May 29, 2025, more than 1,551 red and white warning signs have been installed along the edge of the NDA, facing south towards Mexico. These approximately 12 inch by 18 inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry. Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, Defendant crossed through the NM NDA and was apprehended of a posted sign. On December 27, 2025, U.S. Border Patrol provided Defendant with written notice in Spanish that any unauthorized entry into this restricted area was prohibited and subject to federal prosecution. On January 11, 2026, Defendant subsequently was apprehended by U.S. Border Patrol after entering the restricted area.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 18 U.S.C. 1382 by entering a military reservation, post, fort, yard, station or installation, the National Defense Areas, for a purpose prohibited by law, specifically illegal entry into the United States.

_____
Signature of Judicial Officer

_____
Signature of Complainant

Stephen Salcido

Filing Agent